E-FILED
Thursday, 20 April, 2017 09:55:20 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:00-cr-30077 |
| RECO L. FAINE, | ) ) | |
| Defendant. | ) ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Defendant's Motion for Early Termination of Supervised Release (d/e [31]) and the duplicative filings at d/e 32 and d/e 33. Defendant requests that the Court terminate his supervised release one year early. For the reasons stated below, Defendant's motions are DENIED.

Defendant asserts that he opened a car lot in June 2012 that generates $40,000 per month in Illinois state sales tax, $10,000 per month in Springfield city tax, and $5,000 per month in S.O.S. fees. Defendant also states that he is building a home and plans to open a service facility for his dealership. Defendant claims that he is

unable to obtain life insurance as a result of being on supervised release, and he notes the importance of life insurance to him given his wife and three-year-old son.

The Court may terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release if the Court is satisfied that the termination is warranted by the conduct of the defendant and the interest of justice.  <u>See</u> 18 U.S.C. § 3583(e)(1).  The Court must consider several of the factors set out at 18 U.S.C. § 3553(a), such as the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the Defendant's Sentencing Guideline range; relevant Sentencing Commission policy statements; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

Defendant's motion contains no factual support of his assertions regarding his business, home, or denial of life insurance. Nor does the motion contain any other basis on which the Court could consider the § 3553(a) factors. The mere assertion of Defendant's need to focus on his business as the grounds for early termination of his supervised release does not satisfy the Court that the termination is warranted by the conduct of the defendant and the interest of justice. <u>See</u> 18 U.S.C. § 3583(e)(1). Defendant's motions (d/e 31, 32, and 33) are accordingly DENIED without prejudice. Defendant may refile a motion with evidence of his business's income, inability to obtain life insurance, or other circumstances that Defendant believes justify early termination of his supervised release.

ENTERED: April 20, 2017

FOR THE COURT: <u>s/ Sue E. Myerscough</u>

SUE E. MYERSCOUGH

UNITED STATES DISTRICT JUDGE