IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | ) | |
|---|---|---|
| **UNITED STATES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:00-cr-30077 |
| | ) | |
| **RECO L. FAINE,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Defendant Reco Faine's Motion to Terminate Supervised Release (d/e [35]). Defendant requests that the Court terminate his supervised release one year early. For the reasons stated below, Defendant's motion is DENIED.

**I. BACKGROUND**

On October 11, 2000, a criminal complaint was filed against Defendant charging him with distribution of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). On November 2, 2000, a single-count indictment was filed against Defendant charging him with the

same offense.  On April 9, 2001, Defendant pled guilty to the offense.  Defendant was held accountable for 191.1 grams of cocaine base (crack).  On October 12, 2001, Defendant was sentenced to 168 months' imprisonment and 8 years of supervised release.  On April 2, 2008, the Court granted Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2).  Defendant's sentence was reduced to 135 months' imprisonment.  His 8-year term of supervised release remained in effect.

Defendant's term of supervised release began on March 30, 2010.  On April 20, 2016, Defendant's Probation Officer filed a Request for Modifying the Conditions or Term of Supervision.  (d/e [29]).  The petition sought to enroll Defendant in a cognitive based therapy (CBT) program due to Defendant's habitual non-compliance with the terms of his supervision.  The petition asserted that since August 2012, Defendant had failed to submit numerous monthly income verification and supervision reports and had been late in submitting others.  The petition also stated that Defendant had failed to report as directed for scheduled office visits on four occasions.  The Court held three hearings on the request to modify Defendant's conditions.  At each hearing, the Court admonished

Defendant to submit all required reports including verification of income to his Probation Officer. The Court denied the petition to modify Defendant's conditions upon Defendant's compliance with the Court's oral orders.

On February 6, 2017, Defendant filed a Motion for Early Termination of Supervised Release (d/e [31]). On March 3, 2017, Defendant filed two substantially identical motions to the February request for early termination (d/e [32], [33]). Defendant asserted that he opened a car lot in June 2012 that generates $40,000 per month in Illinois state sales tax, $10,000 per month in Springfield city tax, and $5,000 per month in Secretary of State (SOS) fees. Defendant also stated that he is building a home and plans to open a service facility for his dealership. Defendant claimed that he is unable to obtain life insurance as a result of being on supervised release, and he noted the importance of life insurance to him, his wife, and his three-year-old son.

On April 20, 2017, the Court denied Defendant's motions because they contained no factual support of his assertions regarding his business, home, or denial of life insurance. Nor did the motions contain any other basis on which the Court could

consider the relevant § 3553(a) factors.  The Court allowed Defendant to refile his motion with evidence of his business's income, inability to obtain life insurance, or other circumstances that Defendant believes justify early termination of his supervised release.

On May 8, 2017, Defendant filed another Motion to Terminate Supervised Release (d/e [35]).  Attached to the motion are documents concerning Defendant's life insurance, daily transaction reports for Faines Auto Sales, Faines Auto Sales' April 2017 Business Checking Account Statement, flyers announcing the availability for lease of a plot of land at 1701-1709 Dirksen Parkway, and a job proposal from Moughan Builders Inc. for the construction of a ranch to be built in Prairie Lake Estates.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3583, the Court may grant early termination of supervised release at any time after the expiration of one year if, after considering certain factors set forth in 18 U.S.C. § 3553, the court finds that "such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  The factors that must be considered are:

- the nature and circumstances of the offense and the characteristics of the defendant (18 U.S.C. § 3553 (a)(1));
- the need for the sentence imposed to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B));
- the need for the sentence imposed to protect the public from further crimes of the defendant (18 U.S.C. § 3553 (a)(2)(C));
- the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553 (a)(2)(D));
- the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant and any pertinent policy statements issued by the Sentencing Commission (18 U.S.C. § 3553 (a)(4), (a)(5));
- the need to avoid unwarranted sentencing disparities (18 U.S.C. § 3553 (a)(6)); and
- the need to provide restitution to any victims of the offense (18 U.S.C. § 3553 (a)(7)).

The defendant bears the burden of demonstrating that early termination is warranted.  United States v. Coney, 2013 WL 5701081, at *1 (E.D. Wis. Oct. 18, 2013).

Before modifying the conditions of supervised release, the Court must hold a hearing at which the person has a right to counsel and the opportunity to make a statement and present any information in mitigation.  Fed. R. Crim. P. 32.1(c)(1).  However, a hearing is not required if the person waives the hearing or the relief sought is favorable to the person and does not extend the term of supervised release and an attorney for the Government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.  Fed. R. Crim. P. 32.1(c)(2).  Moreover, the Seventh Circuit has held that a hearing is not required before denying a request for modification.  See United States v. Nonahal, 338 F.3d 668, 671 (7th Cir. 2003).  Relying on Nonahal, the Eleventh Circuit held that the district court was not required to hold a hearing before denying a defendant's motion to terminate his supervised release because "[a] refusal to terminate supervised release does not constitute a modification of the term of supervised

release." United States v. Reagan, 162 F. App'x 912, 913 (11th Cir. 2006).

Whether to grant a motion for early termination of supervised release is entirely within the discretion of the district court. United States v. Temple, 464 F. App'x 541, 544 (7th Cir. 2012). However, the district judge must give some indication that she considered the relevant statutory factors. Id. The Court need not make explicit findings on each of the relevant factors but the record must reveal the court gave consideration to the § 3553(a) factors. United States v. Lowe, 632 F.3d 996, 998 (7th Cir. 2011) (reversing the denial of a motion for early termination of supervised release where the district court did not consider the proper statutory factors and the Government and probation office did not object to the motion).

### III. ANALYSIS

In this case, Defendant meets the initial requirement – he has been on supervised release for at least one year. Therefore, the Court must determine whether Defendant's conduct and the interests of justice warrant termination. This determination requires an examination of the relevant § 3553 factors identified in 18 U.S.C. § 3583(e).

The nature and circumstances of the offense demonstrate that Defendant was convicted of distribution of cocaine base (crack). He was responsible for 191.1 grams of crack cocaine.

The history and characteristics of the defendant indicate that since his release from prison, Defendant has opened an automobile dealership, has married and fathered a son, and has planned to have a home built and to open a new facility for his dealership. Defendant states that he completed his GED while in prison, as well as two years of undergraduate studies.

In his motion, Defendant argues that his term of supervised release should be terminated because his business generates tax money and jobs for the State of Illinois and the City of Springfield. In support of these contentions, Defendant attached two Daily Transaction Reports from Faines Auto Sales indicating that on April 21, 2017, the dealership generated $9,173 in taxes and $1,612 in Secretary of State fees and on May 1, 2017, the dealership generated $9,761 in taxes and $904 in Secretary of State fees. Defendant provides no other evidentiary support for his argument that his supervised release should be terminated because his business creates jobs and public funds.

Defendant also seeks early termination because he cannot obtain life insurance to protect his wife and son because he is on supervised release. In support of this assertion, Defendant attached to his motion an April 28, 2017, letter from insurance agent Darrell Lynch summarizing prior conversations with Defendant. Mr. Lynch states "we could not get the [life insurance] policy issued based on the fact you were still on probation, even though you qualified for the policy in every other way." (d/e [35] at 2.) However, also attached to the motion is a letter from Country Life Insurance Co. dated February 20, 2015. In regards to Defendant's application for life insurance, the letter states "[w]e are unable to provide the [life] insurance protection you have requested because of your criminal history." (d/e [35] at 3 (emphasis added)). This explanation indicates that Defendant's criminal history, rather than his status as a supervisee, was the reason for the denial. At best, the exhibits to Defendant's motion are inconclusive as to the reason for the denial of life insurance and do not support his argument for early termination.

Further, neither the Government nor Defendant's Probation Officer support Defendant's request for early termination. See

Government's Response to Defendant's Motion (d/e [37]). Defendant's Probation Officer describes Defendant's performance on supervised release as "continued, minor non-compliance." In addition to the late and missing income verification and supervision reports and the missed appointments with the Probation Office that were the basis of the 2016 petition to modify Defendant's conditions, the Probation Officer reports that Defendant has continued to fail to submit or to untimely submit his income verification and supervision reports.

Under the next factor, affording adequate deterrence to criminal conduct, the Court could find that the deterrent value of this case has been fully realized. 18 U.S.C. § 3553(a)(2)(B)). The Court must also consider the need for the sentence imposed to protect the public from further crimes of the defendant (18 U.S.C. § 3553 (a)(2)(C)). Defendant has served his 135-month sentence and completed seven years of supervised release. He has not committed any further crimes nor has he had any serious violations of his conditions of supervised release. See United States v. Powell, 2011 WL 2964006, at *2 (N.D. Ind. July 20, 2011) (finding "the deterrent value of this case has been fully realized and that there is

no longer any need to keep Powell on supervised release" where the offenses were nonviolent (wire fraud, conspiracy, making a false tax return), the defendant served an extended prison sentence and completed more than a year of supervised release, and the defendant paid a substantial fine).

The Court also considers the need to provide the defendant with educational training or other correctional treatment in the most effective manner.  See 18 U.S.C. § 3553 (a)(2)(D).  Here, Defendant completed his GED and two years of undergraduate studies while in prison.  The Probation Office is not providing him any services (such as mental-health treatment or substance-abuse treatment).

The Court also should consider the sentencing guidelines.  See 18 U.S.C. § 3553 (a)(4).  Defendant originally had a total offense level of 33 and a criminal history category of III, which reflected Defendant's prior convictions for delivery and possession of a controlled substance and resisting a police officer.  Defendant's resulting guideline range was 168 to 210 months.  Defendant was subject to a statutory mandatory minimum term of supervised release of eight years, which was also his Guideline provision for

supervised release. Defendant's term of imprisonment was reduced from 168 months to 135 months based on a retroactive amendment to the Guideline sentencing range for cocaine-based offenses.

The Court should also consider any pertinent policy statements. See 18 U.S.C. § 3553 (a)(5). Application Note 5 to § 5D1.2 encourages the courts to exercise their authority to terminate or extend a term of supervised release in appropriate cases. The Application Note states: "[T]he court may wish to consider early termination of supervised release if the defendant is an abuser of narcotics, other controlled substances, or alcohol who, while on supervised release, successful completes a treatment program, thereby reducing the risk to the public from further crimes of the defendant." Defendant's Probation Officer has advised the Court that the Probation Office has never had Defendant in any formal substance abuse treatment. Defendant's urine samples have all tested negative.

The Court must consider the need to avoid unwarranted sentencing disparities. See 18 U.S.C. §3553 (a)(6). In United States v. Mitchell, 2013 WL 4763966, at *2 (E.D. Wis. Sept. 4 2013), the court found that although the defendant had no prior criminal

record and a "solid educational and employment history," he had occupied a significant role in a large-scale cocaine conspiracy and possessed a firearm in the home along with the drugs. The court noted that while "defendant is now on the right track," continued supervision was necessary to protect the public, deter further violations of law, and avoid unwarranted disparity with other offenders convicted of the same offense. Id. (also noting that the court considered the defendant's education/employment history and ability to succeed in the community when the court originally sentenced him).

Finally, the Court considers the need to provide restitution to any victims of the offense. See 18 U.S.C. §3553 (a)(7). However, in this case, no restitution was ordered.

Many district courts have held that the conduct of the defendant necessary to justify early termination should include something more than just following the rules of supervision. See United States v. O'Hara, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011); United States v. Laine, 404 F. App'x 571, 573-74 (3rd Cir. 2010) (generally requiring exceptional or extraordinary reason for early termination of supervised release; compliance with the

conditions of supervised release is not exceptional or extraordinary); Coney, 2013 WL 5701081, at *1 (noting that courts generally grant early termination where "the defendant demonstrates that new or unforeseen circumstances make the original term greater than necessary, that his behavior has been exceptionally good, or that continued supervision may impede his rehabilitation").

Courts have granted early termination where the defendant was very old and in poor health (Powell, 2011 WL 2964006, at *2) and where the defendant fully complied with the conditions of supervised release, made efforts to maintain employment that went "above and beyond mere compliance," and wanted to relocate to another state to join a fiancée (Coney, 2013 WL 5701081, at *2).

In this case, Defendant has not offered exceptional or extraordinary circumstances warranting early termination. While it is commendable that Defendant has largely complied with his conditions of his supervised release, the fact remains that he has been consistently under-compliant with respect to his required reporting to the Probation Office. Defendant also has not provided evidentiary support of his claim that termination of his supervised release would stimulate job opportunities or tax funds nor of his

claim that he was denied life insurance because he is on supervised release.  The factors on the whole do not warrant termination of supervised release at this time.

### IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Terminate Supervised Release (d/e [35]) is DENIED.

ENTERED:     July 21, 2017
FOR THE COURT:           s/ Sue E. Myerscough
                    SUE E. MYERSCOUGH
                 UNITED STATES DISTRICT JUDGE